This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff/Appellant/Cross-Appellee, Peggy Asensio ("Appellant") appeals from the trial court's judgment in favor of Defendant/Appellees/Cross-Appellants, City of Lorain ("City of Lorain"), Church on the North Coast (the "Church") and Liberty Development Company ("Liberty") (collectively "Cross-Appellants") and William Desvari ("Mr. Desvari"), in the Lorain County Court of Common Pleas. On January 6, 2006, Appellant, individually and as a taxpayer, filed a complaint and motion for temporary restraining order and preliminary injunction against Lorain, Mr. Desvari and the Church. Liberty intervened as the developer of the property at issue, a 65 acre parcel located at the corner of Jaeger Rd. and Leavitt Rd in the City of Lorain (the "Property"). The complaint sought declaratory relief related to the zoning classification of the Property, which was owned by the Church, but was to be sold to Liberty for development into a shopping plaza to include Home Depot and Kohl's Department stores. Appellant also asked the court to enjoin the City of Lorain from issuing permits to Liberty and to enjoin the Church from continuing any further development efforts (clearing trees) pending resolution of the declaratory judgment claim.
 {¶ 2} Per the trial court's order, all parties submitted briefs on the issues on January 19, 2006. On January 20, 2006, the trial court held a hearing on the injunctive relief and on the merits of Appellant's claim for declaratory relief. The trial court then gave the parties seven days to submit supplemental briefs. On January 27, 2006 the parties submitted their supplemental briefs and on February 3, 2006, the trial court denied Appellant's claims for declaratory and injunctive relief. The trial court entered final judgment closing the case on March 2, 2006. Appellant timely appealed and raises two assignments of error. Cross-Appellants City of Lorain, the Church and Liberty each raise one assignment of error on cross appeal. This case requires a brief statement of facts before addressing the parties' assignments of error.
 {¶ 3} Appellant owns property that abuts the Property. In 1985, the Property's owner, the Young Women's Christian Association ("YWCA"), submitted an application to the Lorain City Council to reclassify the Property from a residential R-1-A district to a B-1 (Business Land Use) district. On December 2, 1985, Lorain City Council passed an ordinance so amending and the Property's zoning classification became B-1. In 1994, the YWCA sold the Property to the Church. On January 7, 2005, the Church obtained approval from the probate court to sell the Property to Liberty.
 {¶ 4} On April 15, 2005, Liberty applied to amend the Lorain Planning and Zoning Code (the "Zoning Code") to reclassify the Property from a B-1 district to a B-3 (Shopping Center) district. On November 21, 2005, the Lorain city council approved Liberty's preliminary plan for development of the Property into a shopping district to be known as Lighthouse Village and approved the reclassification of the Property from a B-1 district to a B-3 district.
 {¶ 5} Thereafter, in response to the City of Lorain's actions related to the Property and in disagreement with Liberty's plan to develop Lighthouse Village, Appellant asserts that citizens of Lorain filed a petition for referendum to place the issue on the November 2006 ballot. Appellant asserts that the petition, containing 2,700 signatures, was filed with the Lorain County Auditor's Office on December 19, 2005.
 {¶ 6} On December 15, 2005, Lorain's Law Director issued an opinion stating that Liberty's proposed use would be permitted in a B-1 District pursuant to sections 1163.02 and 1163.03 of the Zoning Code and that Liberty was entitled to a building permit to develop Lighthouse Village. On December 19, 2005, that permit was issued to Liberty and Appellant brought this action.
 {¶ 7} After the trial court's decision in this matter and during the pendency of this appeal, on April 10, 2006, the City of Lorain amended Lorain Zoning Code § 1163.02 to allow a "home improvement store" in a B-1 zoning district and defined a "home improvement store" in § 1221.61 of the Zoning Code.
 Appellant's First Assignment of Error "The trial court erred in finding that the proposed uses for the property are not limited to a B-3 shopping center district."
 Appellant's Second Assignment of Error "The trial court erred in finding that the proposed use of the property is permissible in a B-1 General Business District."
 Cross-Appellant City of Lorain's Assignment of Error "The trial court erred in determining that section 1163.03 of the Lorain Zoning Code would preclude some aspects of a Home Depot business from being available in a store in a B-1 zoning district. Defining a permitted use is to be liberally construed in favor of permitting the use proposed by the owner and exemptions from the restrictive provisions of a zoning regulation are liberally construed in favor of the land owner. O Jur 3d: 10 Buildings, Zoning and Land Controls, § 77."
 Cross-Appellant Church's Assignment of Error "The trial court erroneously determined that B-1 zoning in the City of Lorain prohibits certain aspects of a Home Depot."
 Cross-Appellant Liberty's Assignment of Error "The Trial Court erred when it declared that part of the Home Depot's business, the sale and storage of building materials or building supplies or building equipment, irrespective of whether such operations are inside or outside of a building is prohibited in a B-1 General Business District."
 {¶ 8} In her first assignment of error, Appellant asserts that the Zoning Code requires shopping centers such as Lighthouse Village to be zoned B-3. Thus, the trial court's interpretation of the Zoning Code resulting in a finding that Lighthouse Village could legally be developed in any zoning district, other than a B-3, was erroneous.
 {¶ 9} In her second assignment of error, Appellant asserts that the trial court erroneously found that the Zoning Code permits the development of Lighthouse Village in a B-1 zoning district.
 {¶ 10} Cross-Appellants assert that the trial court erroneously interpreted the Zoning Code to find that Home Depot's building supply activities conducted outdoors are prohibited in a B-1 zoning district.
 {¶ 11} Because our analysis of each of Appellant's and Cross-Appellants' assignments of error is identical, we will discuss them together.
 {¶ 12} Section 1163.02 of the Zoning Code sets forth what use is permissible in a B-1 zoning district and states, in relevant part:
 {¶ 13} "Permitted principal uses are:
 "(a) All uses permitted as principal uses in the B-1A and B-1B Districts.
 "(b) Retail sales where operations are conducted within wholly enclosed buildings, except as limited by Section 1163.03.
 "(c) Retail sales of garden equipment, garden furniture, or nursery stock are permitted in an open yard provided that:
 "(1) The operation must be in conjunction with a store building or retail greenhouse on the same lot.
 "(2) No goods may be stored or displayed in a required front or side yard."
 {¶ 14} The amendment to § 1163.02 passed on April 10, 2006, added an additional permitted use:
 "(j) The operation of a hardware store and/or a home improvement store."
 {¶ 15} Section 1221.61 of the Zoning Code sets forth how a "home improvement store" may use its property. It states, in relevant part, that a home improvement store may use its property for:
 "(a) The sale of any and all kinds of building materials, products, supplies * * *
 * * *
 "(c) Any and all kinds and types of construction services * * *
 "(d) Any and all incidental and accessory uses related to any of the above uses, and purposes listed in subsection (a),(b), and (c) * * *, when such home improvement store uses and purposes listed in subsection (a), (b), and (c) above is primarily and principally conducted from and within an enclosed structure and building, and excepting those uses and purposes which are permitted uses in an open yard within such zoning district and classification. This definition is intended and meant to clearly include stores like a Home Depot, Builder's Square, Lowe's and a D.I.Y." (Emphasis added.)
 {¶ 16} All parties agree that the amendment to § 1163.02 of the Zoning Code permits the development of Lighthouse Village on the Property. Moreover, each party only appeals the trial court's interpretation of the Zoning Code as requested in the declaratory judgment action before it. Given this, and the clear and unambiguous language of the current Zoning Code, as set forth above, we find Appellant's assignments of error to be moot and overrule them. We sustain Cross-Appellants' assignments of error and reverse the trial court's decision to the extent that it limits the use of the Property in contravention of the current version of the Zoning Code.
Judgment Affirmed in part, Reversed in part. and Cause Dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to all parties.